## Kelley, et al. v. Kelley's Exor.

(Decided January 5, 1911.)

### Appeal from Warren Circuit Court.

Executors—Commission—Money Collected from Principal on Which the Executor is Surety.—An executor ought not to be denied his commission on money collected from the principal because he, the executor, may be liable thereon as one of the sureties.

SIMS & RODES and JNO. B. GRIDER for appellant.

WRIGHT & McELROY for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Stark was the executor of J. C. Kelley's will. Prior to Kelley's death he had intended to give Stark notes worth several thousand dollars and had delivered the notes to Stark. But the gift was incomplete, and it failed. (See opinion 113 S. W. 498.) Pending the litigation, Stark, who lived in Bowling Green, had listed the notes for taxation, and paid the taxes to the city. Since the decision in this court Stark has accounted for the notes to the estate. But he claimed and was allowed the sums paid as taxes. One question involved on this appeal is the correctness of that allowance. Remembering that Stark was also executor, and as such held the legal title to the notes, he should have listed them for taxes at his domicile, although the distributees of the estate resided elsewhere. Having paid the taxes, though in his private capacity, it was proper in equity to credit him by the amount in his fiducial capacity, after he had so accounted for the notes.

In his last settlement Stark was allowed $456.88 as part compensation for his services as executor, being five per cent. on the sum which he collected and disbursed. It is contended by the devisees of Kelley on this appeal that that credit was error, for three reasons:

(1) That he had abused his trust by attempting to appropriate the notes under his claim of personal ownership. But we think that he acted not in bad faith in that. He had grounds for so claiming. He ought not to be fined because of an honest mistake of judgment.

(2) It is said he ought not be allowed commission for collecting the notes from himself—he was endorser or

surety on several of them. The answer is, he did not col-
lect them from himself. but from the principals. The
fact is that he was liable for their sum when so collected,
and his responsibility and care of the money when so re-
ceived was not different than if it had been paid on debts
on which he was not bound.

(3) It is said that he was not allowed the commission
on the notes claimed by him as gifts when their
ownership was determined in the first judg-
ment; and it is therefore res adjudicata. Fur-
ther that $700.00 of the notes he was allowed
commission as in the former settlement, and should
not be allowed again. The first judgment did not
determine the question of his commission on the notes
which he claimed. The question was not raised. If any
sum embraced in the present total of claims for which he
was allowed commission, was embraced in the former al-
lowances this record fails to show it. Presumably the
commissioner and the trial court found from the other
parts of the record not brought up on this appeal that
the allowances were not duplicated. At least we can not
assume that it was. Appellants should have sworn it in
the record, if it were a fact.

Judgment affirmed.